**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | |
|---|---|
| DARRYL VENNARD and SUSAN HERRIN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br>Serve: Amtrak Law Department<br>60 Massachusetts Ave., NE<br>Washington, DC 20002,<br><br>Defendant. | Cause No. 14SL-CC02168<br><br>Division No. 13<br><br>Wrongful Death<br>(exceeds $25,000)<br><br>Jury Trial Demanded |

**PETITION**

**Count I**

Plaintiffs Darryl Vennard and Susan Herrin state for their cause of action against defendant, National Railroad Passenger Corporation d/b/a Amtrak, that:

1. Plaintiffs are residents of St. Louis County, Missouri.

2. Defendant is a corporation and an interstate railroad doing business in the State of Missouri, City and County of St. Louis, where it has officers and agents for the usual and customary transaction of business.

3. This action is maintained in accordance with the provisions of the Missouri Wrongful Death Act, § 537.080 *et seq.*, and plaintiffs are proper parties to bring such cause of action. Specifically, Darryl Vennard and Sue Herrin are the parents of Cameron Vennard, who was killed on May 30, 2012 when struck by an Amtrak train.

4. Venue is proper in this judicial circuit under § 508.010 RSMo, in that the

cause of action accrued, and Cameron Vennard was fatally injured, in St. Louis County.

5. On May 30, 2012, an Amtrak train heading west struck and fatally injured Cameron Vennard, on railroad tracks within the City limits of Kirkwood, Missouri.

6. The collision was the direct result of the negligence of defendant Amtrak and its train crew, which was operating in the course and scope of their employment, in that:

a) the train crew observed Cameron on the railroad tracks at least one quarter (1/4) mile away, yet failed to take adequate evasive action before striking him;

b) the train crew knew or could have known that Cameron was in imminent danger, yet failed to give a proper and adequate warning of the train's approach;

b) even after observing Cameron on the tracks, the train crew waited a needlessly and dangerously long time before blowing its whistle, and as such failed to give an adequate warning of the train's approach;

d) the only warning given by the train crew was not adequate under the circumstances, and was not a proper emergency signal; and

e) even after observing Cameron on the railroad tracks in an imminently dangerous position, the train crew failed to take any effective action to slow or stop the train, despite the fact that Cameron was in imminent peril clearly visible to the train crew, and said crew had the ability, opportunity and duty to slow or stop the train or sound adequate safe warning of the presence of the train to avoid

killing Cameron.

7. As a direct and proximate result of the negligent conduct of defendant, plaintiffs' decedent Cameron Vennard suffered pain and anguish, and ultimately died on May 30, 2012.

8. As a direct and proximate result of the death of Cameron Vennard, plaintiffs have forever lost his companionship, fellowship, counsel, advice, income and earnings, household services and labor and other tangible and intangible losses too numerous to describe. Further, between the accident and his death, Cameron suffered conscious pain and suffering which is recoverable under the Missouri Wrongful Death Act.

WHEREFORE, plaintiffs state they have been damaged in excess of the jurisdictional amount, and for which they pray judgment against defendant, for their costs expended herein, and for such other and further relief as the Court deems just and proper.

## Count II

### Aggravating Circumstances

Plaintiffs move this Court, under Count II, for an award of aggravating circumstances/ punitive damages, and in support thereof, state:

9. Plaintiffs restate and incorporate by reference paragraphs 1 - 8 as if fully set forth here.

10. Defendant Amtrak, by its conduct described, exhibited a reckless disregard for the consequences of its actions, and its deliberate actions directly led to

the death of Cameron Vennard.

11. On May 30, 2012, defendant and its crew:

a) waited an excessively long time to either sound a warning or engage the train's brakes;

b) waited until the train was about to hit Cameron Vennard before placing the train in emergency;

c) from the time it first saw Cameron Vennard and knowing it could safely and effectively slow or stop the train, the crew chose not to do so despite adequate opportunity; and

d) operated its train in a reckless manner despite that it knew or should have known that pedestrians, including teenagers, frequented the train tracks in the area.

WHEREFORE, plaintiffs request an award for aggravating circumstances against the defendant, as punishment for its reckless, contumacious disregard for the health of Cameron Vennard, in an amount sufficient to deter defendant and others from like conduct in the future. Further, plaintiffs request that the Court not reduce any award for aggravating circumstances in accordance with § 510.265 RSMo. 2005, as such limitation on punitive damages is unconstitutional, in that it violates plaintiffs' right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, and plaintiffs' right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution.

GRAY, RITTER & GRAHAM, P.C.

By: ______________________________
Patrick J. Hagerty #32991
*phagerty@grgpc.com*
701 Market Street, Suite 800
St. Louis, MO 63101
314 241-5620 office

Fritz G. Faerber #20453
*fritz@faerberanderson.com*
Christine E. Anderson #43982
*chris@faerberanderson.com*
FAERBER & ANDERSON, P.C.
2010 S. 8th Street
St. Louis, MO 63104
314 772-0010 office

*ATTORNEYS FOR PLAINTIFFS*