IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DARRYL VENNARD and SUSAN HERRIN, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 4:14-CV-1415 |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**ANSWER AND JURY DEMAND**

Defendant, National Railroad Passenger Corporation (a/k/a Amtrak), by and through its attorneys, Mark R. Kurz of Boyle Brasher LLC, and for its answer to plaintiffs' Petition, hereby states as follows:

**Count I**

1. Defendant admits the allegations contained in paragraph 1 of Count I of plaintiffs' Petition.

2. Defendant admits the allegations contained in paragraph 2 of Count I of plaintiffs' Petition.

3. Defendant admits that, upon information and belief, Darryl Vennard and Susan Herrin are the parents of Cameron Vennard and further admits that Cameron Vennard was involved in a fatal accident with an Amtrak train on May 30, 2012. Defendant denies the remaining allegations contained in paragraph 3 of Count I of plaintiffs' Petition.

4. Defendant admits the allegations contained in paragraph 4 of Count I of plaintiffs' Petition.

5. Defendant admits that on May 30, 2012, Cameron Vennard was struck by a westbound Amtrak train while walking upon railroad tracks within the city limits of Kirkwood, Missouri.

6. Defendant denies the allegations contained in paragraph 6 of Count I of plaintiffs' Petition and each and every subparagraph thereof.

7. Defendant denies the allegations contained in paragraph 7 of Count I of plaintiffs' Petition.

8. Defendant denies the allegations contained in paragraph 8 of Count I of plaintiffs' Petition.

**Count II**
**Aggravating Circumstances**

9. Defendants repeat and reallege their answers to Paragraphs 1 through 8 of Count I as their answers to Paragraphs 9 of Count II of plaintiffs' Petition.

10. Defendant denies the allegations contained in paragraph 10 of Count II of plaintiffs' Petition.

11. Defendant denies the allegations contained in paragraph 11 of Count II of plaintiffs' Petition and each and every subparagraph thereof.

**AFFIRMATIVE DEFENSES TO PLANTIFFS' PETITION, COUNTS I AND II**

1. Plaintiffs' petition fails to state a claim against defendant upon which relief can be granted.

2. Plaintiffs' decedent, Cameron Vennard, was a trespasser on the railroad tracks and defendant owed no duty to him prior to his discovery. Once discovered, despite the best efforts of the train crew of defendant, nothing could be done to avoid the accident.

3. The sole proximate cause of any injuries sustained by plaintiffs was the conduct of plaintiffs' decedent.

4. Without waiving its denial of liability, defendant states that the death of Cameron Vennard, and the alleged injuries and damages to plaintiffs, were proximately caused by negligence on the part of Cameron Vennard and, as such, plaintiffs' decedent was comparatively at fault in causing his own death and the resulting claimed injuries and damages to plaintiffs and any liability on the part of defendant must be reduced by the percentage of that fault.

Cameron Vennard was at fault in proximately causing his own death and alleged injuries to plaintiffs in one or more of the following respects in that he:

a. Walked upon an active railroad track when he knew or should have know, by virtue of living next to the railroad tracks, that these tracks were active and were a place of danger;

b. Trespassed upon property of Union Pacific Railroad Company when he knew or should have known that trespassing on railroad tracks was hazardous;

c. Negligently wore headphones and/or earbuds playing music at a high volume while walking within the gauge of the railroad tracks of Union Pacific Railroad Company such that he could not hear the warning signals being emitted from the approaching locomotive;

d. Failed to observe the approaching train;

e. After placing himself in a position of danger, failed to remove himself from the danger;

f. Despite the availability of several alternate routes from his house to downtown Kirkwood, Missouri, where he was allegedly travelling to that day, he chose to trespass on the property of the railroad and further aggravated that trespass by wearing noise cancelling headphones;

g. Failed to utilize all of his senses and to stay vigilant for the approach of any train upon the railroad tracks with knowledge of the heavy and frequent rail traffic;

h. Failed to observe and heed the warnings of the approaching train;

i. Trespassed on railroad tracks of Union Pacific Railroad Company when he knew or should have known that such trespass constituted a danger to himself;

j. Failed to keep a lookout for the approaching train.

5. Plaintiffs' claims relating to train speed and track classification are preempted by federal law pursuant to the Rail Safety Act of 1973, 23 U.S.C. § 130 *et seq.* Any claims of plaintiffs concerning an audible whistle or horn are preempted by federal law.

6. Plaintiffs' claims are preempted by state and federal law.

7. Without waiving its denial of liability to plaintiffs, defendant states that any claim by plaintiffs for recovery based upon defendant's alleged failure to operate a train at a certain speed is preempted by federal law pursuant to the Rail Safety Act of 1973, 23 U.S.C. §130 *et seq.*

8. Plaintiffs have failed to allege sufficient facts beyond conclusory statements to state a cause of action for willful and wanton conduct of the defendant and, therefore, plaintiffs do not state a cause of action for willful and wanton conduct or for punitive damages in that there are no facts to establish that any alleged conduct was outrageous because of defendant's evil motive or reckless indifference to the rights of others.

9. Without waiving its denial of liability, defendant states that the death of Cameron Vennard, deceased, and the alleged injuries and damages to plaintiffs were proximately caused by willful, wanton, and reckless conduct on the part of decedent Cameron Vennard and, as such,

plaintiffs' decedent was comparatively at fault in causing his own death and the alleged injuries and damages of plaintiffs and any liability on the part of defendant must be reduced by the percentage of that fault.

Cameron Vennard was at fault in causing his own death and the alleged injuries and damages to plaintiffs in one or more of the following respects in that he:

a. With reckless indifference to his own safety, decedent walked upon an active railroad track when he knew or should have know, by virtue of living next to the railroad tracks, that these tracks were active and were a place of danger;

b. With reckless indifference to his own safety, decedent trespassed upon property of Union Pacific Railroad Company when he knew or should have known that trespassing on railroad tracks was hazardous;

c. With reckless indifference to his own safety, decedent negligently wore headphones and/or earbuds playing music at a high volume while walking within the gauge of the railroad tracks of Union Pacific Railroad Company such that he could not hear the warning signals being emitted from the approaching locomotive;

d. With reckless indifference to his own safety, decedent failed to observe the approaching train;

e. With reckless indifference to his own safety, decedent, after placing himself in a position of danger, failed to remove himself from the danger;

f. With reckless indifference to his own safety, decedent, despite the availability of several alternate routes from his house to downtown Kirkwood, Missouri, where he was allegedly travelling to that day, he chose to trespass on the property of the railroad and further aggravated that trespass by wearing noise cancelling headphones;

g. With reckless indifference to his own safety, decedent failed to utilize all of his senses and to stay vigilant for the approach of any train upon the railroad tracks with knowledge of the heavy and frequent rail traffic;

h. With reckless indifference to his own safety, decedent failed to observe and heed the warnings of the approaching train;

i. With reckless indifference to his own safety, decedent trespassed on railroad tracks of Union Pacific Railroad Company when he knew or should have known that such trespass constituted a danger to himself;

j. With reckless indifference to his own safety, decedent failed to keep a lookout for the approaching train.

10. The imposition of punitive damages in this action violates defendant's constitutional right of due process under the Missouri and United States Constitutions because it creates an unnecessary and undue risk of an improper verdict on the issue of liability, on the measure of compensatory damages, on the issue of whether to award punitive damages and on the measure of punitive damages.

11. Defendant asserts that any awards of punitive damages would violate the United States Constitution in that:

a. Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

b. An allowance of punitive damages in this cause would violate the Commerce Clause, Article One, Section 8, United States Constitution.

12. Defendant reserves the right to assert such other and future defenses which may be learned through discovery and otherwise.

13. Any claims of plaintiffs concerning the warning devices present on the Amtrak locomotive are preempted by the Locomotive Inspection Act.

<u>DEFENDANT DEMANDS TRIAL BY JURY</u>.

NATIONAL RAILROAD PASSENGER CORPORATION

By: /s/ Mark R. Kurz

Mark R. Kurz, #43962
BOYLE BRASHER LLC
5000 West Main Street
P. O. Box 233560
Belleville, IL 62223-0560
(618) 277-9000; Fax (618) 277-4594
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DARRYL VENNARD and SUSAN HERRIN, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 4:14-CV-1415 |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2014, I electronically filed Defendant's Answer and Jury Demand with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

- **Patrick J. Hagerty**
  phagerty@grgpc.com,dtibbles@grgpc.com

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

BY:/s Mark R. Kurz________________________

Mark R. Kurz, # 06211071
BOYLE BRASHER LLC
5000 West Main Street
P. O. Box 233560
Belleville, IL 62223-0560
(618) 277-9000
Fax (618) 277-4594